ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victoria L. Sura,

Plaintiff,

v.

Stearns Bank, N.A.,
a Minnesota corporation, and
Jan Hanson, individually,

Defendants.

Court File No. 01-1344 (PAM/RLE)

**STIPULATION AND PROTECTIVE ORDER**

This Stipulation for entry of a Protective Order shall apply to all materials produced or testimony identified by a party as non-discloseable.

1. Non-discloseable materials, as used herein, shall refer to any document, testimony or other discovery materials, or any portion thereof, which is designated by a party, acting in good faith, as containing confidential information

2. Under this Stipulation and Order, there shall be one category of non-discloseable materials: "CONFIDENTIAL."

3. Non-discloseable materials designated by a party as "CONFIDENTIAL" shall only be used for purposes of this litigation and may be disclosed to: (1) the Court and its staff; (2) the parties herein; (3) employees of party who reasonably need access to such materials; (4) the parties' counsel and the partners, associates and employees of such counsel, as well as other persons retained or consulted by such counsel or party in connection with the prosecution or defense of this action (including insurers and experts). Witnesses at deposition may be shown non-discloseable materials if they reasonably need to see the material to facilitate the discovery process. In no event



FILED MAR 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK____

shall any of the materials designated hereunder be used for any purpose other than this litigation, either during the pendency of this action or after it has been concluded.

4. The preferred method for designating materials non-discloseable shall be by affixing or placing the notice "CONFIDENTIAL" on such material. All such notices of classification shall be affixed in a manner that does not interfere with the legibility of the materials. Where this method is not practical, because, for example, affixing such notice will interfere with the legibility of the material or where only a portion of the material is deemed confidential, the designating party may designate the material confidential by letter or other written communication to counsel for each other party.

5. Information designated as non-discloseable pursuant to this Stipulation and Order shall be treated as required herein by all persons to whom such information may be disclosed. Violation of this Stipulation and Order may result in penalties for contempt of Court. Counsel for the parties shall inform all persons to whom disclosure of confidential documents is made of the existence and terms of this Stipulation and Order, including that violation of the Order may result in penalties for contempt of Court.

6. At any time after the production of any materials designated as non-discloseable by one party, any other party may serve a notice of objection to such designation stating the reasons for such objection. Should the parties be unable to resolve the issues raised by the objection within ten (10) days of the receipt of such objection, the objecting party may seek a ruling from the court with respect to the merits of the designation. The burden of proving the appropriateness of the designation shall be upon the party designating the materials.

7. Should any party to this Stipulation and Order desire to file any non-discloseable material, that material and any pleading referencing the non-discloseable material shall be filed with the Court under seal with the following designation: "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." Should any party seek to use any non-discloseable material in Court at any hearing, conference or at trial, that party shall give reasonable notice to the other party of such intent, so that the status of such documents may be protected by agreement or, if necessary, determined and directed by the Court.

8. Any document produced pursuant to this Stipulation and Order and any copy of such document made by any party to whom such document is produced, or by any person to whom that party provides the document, shall be destroyed or returned to the party which produced such document upon completion of this litigation. At the request of any other party, which must be made within 30 days of the completion of the litigation, a party and/or his, her or its counsel will execute an affidavit verifying that the provisions of this paragraph have been complied with.

9. Nothing in this stipulation and order shall be construed to prevent a party from seeking further provisions regarding confidentiality as may be appropriate including, but not limited to, designation of certain material as "attorney's eyes only".

10. Any party to this Stipulation and Order may apply to the Court at any time for modification of the Order, for supplemental orders or for further protection.

LINDQUIST & VENNUM P.L.L.P.

Dated: March 13, 2002

By Robert V. Atmore
Robert V. Atmore, #3438
Reuben A. Mjaanes, #269669
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211
ATTORNEYS FOR DEFENDANTS

WILLIAM J. EGAN, P.L.C.

Dated: March 11, 2002

By William J. Egan
William J. Egan, # 166029
150 Edina Executive Plaza
5200 Willson Road
Edina, MN 55424
(952) 836-2770

Upon the attached Stipulation,

IT IS SO ORDERED.

Dated: March 19, 2002

BY THE COURT:

Raymond L. Erickson
United States District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.